# United States District Court

NORTHERN DISTRICT OF TEXAS
Fort Worth Division

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| v. | Case Number: 4:13-CR-182-O (03) |
|  | U.S. Marshal's No.: 47035-177 |
|  | Chris Wolfe, Assistant U.S. Attorney |
| JESSICA NICOLE WEATHERREAD | J. Warren St. John, Attorney for the Defendant |

On, January 8, 2014, the defendant, JESSICA NICOLE WEATHERREAD, entered a plea of guilty to Counts One and Three of the Indictment filed on October 16, 2013.  Accordingly, the defendant is adjudged guilty of such Counts, which involve the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 371<br>(18 U.S.C. § 1708) | Conspiracy to Possess Stolen Mail | October 2013 | One |
| 18 U.S.C. § 1708 | Possession of Stolen Mail | December 29, 2011 | Three |

The defendant is sentenced as provided in pages two through five of this judgment.  The sentence is imposed pursuant to Title 18, United States Code § 3553(a), taking the guidelines issued by the United States Sentencing Commission pursuant to Title 28, United States Code § 994(a)(1), as advisory only.

Upon Motion of the Government, all remaining Counts are dismissed, as to this defendant only.

The defendant shall pay immediately a special assessment of $200.00 for Counts One and Three of the Indictment filed on October 16, 2013.

The defendant shall notify the United States Attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Sentence imposed on <u>April 28, 2014.</u>

_____
REED O'CONNOR
U.S. DISTRICT JUDGE


Signed <u>May 5, 2014.</u>

Case 4:13-cr-00182-O   Document 91   Filed 05/05/14   Page 2 of 6   PageID 288

Judgment in a Criminal Case
Defendant:   JESSICA NICOLE WEATHERREAD                                            Judgment -- Page 2  of  6
Case Number:   4:13-CR-182-O (03)

# IMPRISONMENT

The defendant, JESSICA NICOLE WEATHERREAD, is hereby committed to the custody of the Federal Bureau of Prisons (BOP) for a period of SIXTY (60) months as to Count One and ELEVEN (11) months as to Count Three, to run consecutively, for an aggregate sentence of imprisonment of **SEVENTY-ONE (71) months**.

The Court orders that JESSICA NICOLE WEATHERREAD be separated from co-defendants Paula Elaine Smith Sumera and Susan Lynn Smith. The Court recommends to the BOP that the Defendant be housed at a facility near Gainesville, Texas or alternatively be housed at a facility located within the Northern District of Texas. The Court further recommends the defendant be allowed to participate in the Institutional Drug Treatment program, vocational/lifestyle training and mental health classes, if eligible.

The defendant is remanded to the custody of the United States Marshal.

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of **THREE (3) years** on each of Counts One and Three of the Indictment filed on October 16, 2013, to run concurrently.

While on supervised release, in compliance with the standard conditions of supervision adopted by the United States Sentencing Commission, the defendant shall:

( 1)   not leave the judicial district without the permission of the Court or probation officer;
( 2)   report to the probation officer as directed by the Court or probation officer and submit a truthful and complete written report within the first five (5) days of each month;
( 3)   answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
( 4)   support the defendant's dependents and meet other family responsibilities;
( 5)   work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
( 6)   notify the probation officer within seventy-two (72) hours of any change in residence or employment;
( 7)   refrain from excessive use of alcohol and not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
( 8)   not frequent places where controlled substances are illegally sold, used, distributed, or administered;
( 9)   not associate  with any persons engaged in criminal activity and  not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
(10)   permit a probation  officer to visit the defendant at any time at home or elsewhere and  permit confiscation of any contraband observed in plain view by the probation officer;
(11)   notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer;
(12)   not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court; and
(13)   notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement, as directed by the probation officer.

In addition the defendant shall:

not commit another federal, state, or local crime;

not possess illegal controlled substances;

not possess a firearm, destructive device, or other dangerous weapon;

cooperate in the collection of DNA as directed by the U.S. probation officer;

Judgment in a Criminal Case
Defendant:   JESSICA NICOLE WEATHERREAD                                               Judgment -- Page 3  of  6
Case Number:   4:13-CR-182-O (03)

report in person to the probation office in the district to which the defendant is released within seventy-two (72) hours of release from the custody of the Bureau of Prisons;

refrain from any unlawful use of a controlled substance, submitting to one drug test within 15 days of release from confinement and at least two periodic drug tests thereafter, as directed by the probation officer pursuant to the mandatory drug testing provision of the 1994 crime bill;

provide to the probation officer complete access to all business and personal financial information;

if, upon commencement of the term of supervised release, any part of the $65,339.09 restitution ordered by this judgment remains unpaid, the defendant shall make payments on such unpaid amount at the rate of at least $350 per month, the first such payment to be made no later than 60 days after the defendant's release from confinement and another payment to be made on the same day of each month thereafter until the restitution amount is paid in full. Any unpaid balance of the restitution ordered by this judgment shall be paid in full 60 days prior to the termination of the term of supervised release;

participate in a program (inpatient and/or outpatient) approved by the probation officer for treatment of narcotic or drug or alcohol dependency that will include testing for the detection of substance abuse, abstaining from the use of alcohol and all other intoxicants during and after completion of treatment and contributing to the costs of services rendered (copayment) at the rate of at least $25 per month;

participate in mental health treatment services as directed by the probation officer until successfully discharged, which services may include prescribed medications by a licensed physician, with the defendant contributing to the costs of services rendered (copayment) at a rate of at least $25 per month;

refrain from incurring new credit charges or opening additional lines of credit without approval of the probation officer unless the probation officer makes a determination that the defendant has fully satisfied the restitution obligation; and,

not be employed in any fiduciary capacity or any position allowing access to credit or personal financial information of others, unless the defendant's employer is fully aware of the offense of conviction and with the approval of the probation officer.

## FINE/RESTITUTION

The Court does not order a fine because the defendant does not have the financial resources or future earning capacity to pay a fine.

The Court further orders that defendant shall make restitution, jointly and severally with codefendants Paula Elaine Smith Sumera (01) and Susan Lynn Smith  (02), in the amount of $65,339.09.  Restitution is payable immediately, but non-payment will not be a violation of defendant's conditions of supervised release so long as defendant pays as provided in defendant's conditions of supervised release. All restitution payments shall be made by defendant to the Clerk of the U.S. District Court, 501 West 10th Street, Room 310, Fort Worth, TX 76102, for disbursement to the following:

Community Bank
Rockwall, Texas
500 S Morgan Street
Granbury, TX 76048-1960
Attention: Kellie Pressley
$773.66

Von Tucker
1530 Ravenaux Court
Southlake, Texas 76092
$85

Case 4:13-cr-00182-O   Document 91   Filed 05/05/14   Page 4 of 6   PageID 290

Judgment in a Criminal Case
Defendant:   JESSICA NICOLE WEATHERREAD                                    Judgment -- Page 4 of 6
Case Number:   4:13-CR-182-O (03)

First Credit Union
25 S Arizona Place, Suite 111
Chandler, AZ 85225-5533
Attention: Compliance Department
$184.37

Chase Freedom
Chase Card Services
P.O. Box 2003
Elgin, IL 60121
Attention: Restitution Payment
$2,236

Happy State Bank
701 South Taylor, LB 120
Amarillo, TX 79101
Attention: Gary Hinders
$404

EZ Auto Rental
1716 Northwood Court
Arlington, TX 76012
Attn: Kelly Fields
$368.60

Citigroup Credit Services, Inc. (Citibank)
Fraud Investigations
14700 Citicorp Drive
Hagerstown, MD 21742
RE: Case 11-534397
$12,595.52

Best Buy - Citibank
Fraud Investigations
14700 Citicorp Drive
Hagerstown, MD 21742
$350

American Express Global Security
P.O. Box 26835
Fort Lauderdale, FL 33320
Attn: Arlene Jacobs, Restitution
$12,623.30

BBVA Compass Bank
Corporate Investigations and Recovery
P.O. Box 674101
Dallas, TX 75267-4101
$5,083.44

Inwood National Bank
1100 Centennial Road
Richardson, TX 75081
Attention: Restitution Payment
$575

Case 4:13-cr-00182-O   Document 91   Filed 05/05/14   Page 5 of 6   PageID 291

Judgment in a Criminal Case
Defendant: JESSICA NICOLE WEATHERREAD                                Judgment -- Page 5 of 6
Case Number: 4:13-CR-182-O (03)

BOA
P.O. Box 15730
Wilmington, DE 19850
Attention: Credit Card Restitutions Dept.
$3,066.87

GAP Visa
GE Capital Retail Bank
P.O. 965003
Orlando, FL 32896
Attention: Restitution Department
$801.92

Wells Fargo Bank N/A
External Fraud Investigation
P.O. Box 912038
Denver, CO 80921-2038
$2,050.59

DATCU Credit Union
225 West Mulberry Street
P.O. Box 827
Denton, TX 76202
Attention: Compliance
$2,492.57

American Express Global Security
P.O. Box 26835
Fort Lauderdale, FL 33320
Attn: Arlene Jacobs, Restitution
$19,769.01

Jerry Connor
11651 East View
Amarillo, TX 79124
$154

Svenja Gemmern
818 Stratford Drive
Southlake, TX 76092
$100

Brian Rogers
P.O. Box 1374
Rockwall, TX 75087
$56.24

Wanda Ruth Maier
3723 Delta Street
Amarillo, TX 79110
$1,569

Each payment should reference Re: Paula Elaine Sumera, Susan Lynn Smith, Jessica Nicole Weatherread;4:13-CR-182-O, unless specifically noted otherwise.

# RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of

this judgment.

_____
United States Marshal

BY  _____
      Deputy Marshal